**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| **U.S. COMMODITY FUTURES TRADING COMMISSION,**<br><br>**Plaintiff,**<br><br>v.<br><br>**BARKI, LLC,** a North Carolina limited liability company;<br>**BRUCE C. KRAMER,** an individual,<br><br>**Defendants,** and<br><br>**RHONDA A. KRAMER,** an individual, and<br>**FOREST GLEN FARM, LLC,** a North Carolina limited liability company,<br><br>**Relief Defendants.** | **CASE NO. 3:09-CV-106 (GCM)** |

**CONSENT ORDER GRANTING INTERIM ALLOWANCE FOR
<u>LIVING</u> <u>EXPENSES</u> <u>TO</u> <u>RELIEF</u> <u>DEFENDANT</u> <u>RHONDA</u> <u>A.</u> <u>KRAMER</u>**

This matter came before the Court upon the joint motion of Relief Defendant Rhonda A. Kramer ("R. Kramer") and Joseph W. Grier, III, Court-appointed Receiver (the "Receiver," and collectively, the "Parties").

The Complaint in this action was filed on March 17, 2009. The Court entered a statutory restraining order and ordered the appointment of a receiver for the Defendants and Relief Defendants named herein, including R. Kramer (the "Receivership Order") on the same day.

The Receivership Order also froze all the assets of the Defendants and Relief Defendants (the "Frozen Assets"). As a result, R. Kramer has not had access to any funds subject to the Receivership since entry of the Receivership Order.

Since the Receivership Order was entered, R. Kramer has obtained part-time employment and intends to seek full-time employment.

The Receiver has reviewed R. Kramer's essential living expenses such as food, medicine, utilities, and transportation, taking into account her anticipated earnings for the period of March 17, 2009 through June 30, 2009. Based on this review and negotiations with counsel for R. Kramer, the Receiver has agreed that he should be authorized to pay to R. Kramer an interim monthly living allowance (the "Interim Allowance") as follows:

- $3,324.69 for the month of March 2009;
- $2,050 for the period of April 1, 2009 through April 30, 2009;
- $1,750 for the period of May 1, 2009 through May 31, 2009; and
- $1,950 for the period of June 1, 2009 through June 30, 2009. [1]

Further, should the Receiver determine, in his reasonable discretion, that the Interim Allowance for any period covered by this order needs to be adjusted upward or downward, the Receiver may make such adjustment without further court order.

Further, if it is determined that any of the Frozen Assets may be returned to R. Kramer based on their having been acquired prior to the initiation of Barki, LLC or a finding that R. Kramer had no liability or culpability in the scheme alleged in the Complaint as a relief defendant or otherwise, then any amounts paid to R. Kramer by the Receiver for the Interim Allowance shall be deducted from any Frozen Assets that are paid over to R. Kramer by the Receiver.

R. Kramer is authorized to establish a new bank account in her name (the "R. Kramer Post-Receivership Account"), in which she shall deposit the Interim Allowance, any post-receivership earnings, and any other post-receivership funds coming into her control, other than nominal cash on hand, and from which she shall pay for the essential living expenses contemplated by this order and provided for by the Interim Allowance. R. Kramer shall provide the Receiver, within ten days after receipt by her, with a copy of each monthly bank statement from the R. Kramer Post-Receivership Bank Account and, at the Receiver's request, evidence of the source of all deposits and copies of all checks, wire transfers, or other debits from the account.

With respect to the Relief Defendant Forest Glen Farm, LLC (the "Farm"), the Receiver, in his discretion, will pay any expenses necessary to maintain and preserve that asset pursuant to the terms of the Receivership Order.

This Order is without prejudice to the rights of the Parties to (1) subsequently move the Court to increase or decrease the Interim Allowance provided for herein and (2) the effect of the payment of the Interim Allowance on R. Kramer's status as a relief defendant.

---

[1] The higher interim monthly living allowances for the months of March, April, and June 2009 are due to varying utility costs during those months. In addition, the March allowance is higher than all other months due to less income from R. Kramer's part-time employment, as well as, higher utility bills for services that will be reduced in subsequent months.

Signed: April 23, 2009

*[Signature]*

Graham C. Mullen
United States District Judge

APPROVED AS TO FORM AND CONSENT BY:

*/s/ Joseph W. Grier, III*
Joseph W. Grier, III (State Bar No. 7764)
A. Cotten Wright (State Bar No. 28162)
Anna S. Gorman (State Bar No. 20987)
Grier Furr & Crisp, PA
101 North Tryon Street, Suite 1240
Charlotte, North Carolina 28246
Phone: 704.375.3720
Fax: 704.332.0215
jgrier@grierlaw.com
cwright@grierlaw.com
agorman@grierlaw.com

*Attorneys for Joseph W. Grier, III,*
  *Court Appointed Receiver*


*/s/ Robert A. Blake, Jr.*
Robert A. Blake, Jr.
James F. Wyatt, III
Wyatt and Blake, LLP
435 E. Morehead Street
Charlotte, NC 28202
rblake@wyattlaw.net
jwyatt@wyattlaw.net

*Attorneys for Relief Defendant*
  *Rhonda Ann Kramer*