# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> BARKI, LLC, a North Carolina limited liability company; <br> BRUCE C. KRAMER, an individual, <br><br> Defendants, and <br><br> RHONDA A. KRAMER, an individual, and FOREST GLEN FARM, LLC, a North Carolina limited liability company, <br><br> Relief Defendants. | CASE NO. 3:09-CV-106 (GCM) |

### CONSENT ORDER RESOLVING MANZELLA PLAINTIFF'S REQUEST FOR INTERVENTION, THE OPPOSITION AND RESPONSE BY THE RECEIVER AND THE OPPOSITION AND RESPONSE BY THE COMMODITY FUTURES TRADING COMMISSION

This matter came before the Court through an objection to the Plaintiff U.S. Commodity Futures Trading Commission's ("Commission") motion for preliminary injunction filed by the Manzella Plaintiffs,[1] through counsel, on March 23, 2009 (the "Objection") (D.E. 13) and the related reply (D.E. 28), which suggests that the Manzella Plaintiffs should be permitted to intervene in this action or, in the alternative, lift the stay imposed on the Manzella Plaintiffs' state court action by this Court's Statutory Restraining Order (D.E. 5), the opposition and response (D.E. 20), filed on behalf of Joseph W. Grier, III, Court-appointed Receiver in this

---
[1] The term "Manzella Plaintiffs" is defined in the Objection.

action (the "Receiver"), and the opposition and response (D.E. 21) filed on behalf of the Commission. Based on the statements of the parties' counsel at a hearing on these issues held on April 15, 2009, the Court finds and concludes that the Manzella Plaintiffs, the Receiver, and the Commission have resolved the issues relative to the Manzella Plaintiffs' request for intervention, or, in the alternative to lift the stay on the state court action, that notwithstanding the terms of such resolution the Manzella Plaintiffs should also be allowed to participate in certain discovery conducted in this case, and that all parties are able to comply with the terms of this Order.

**THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that:**

1. The Manzella Plaintiffs shall not intervene in this action, or in the alternative, have the stay lifted on their state court action. However, the Manzella Plaintiffs and other investors in the Barki, LLC scheme (collectively, the "Investors") shall be permitted to participate in this action as set forth below.

2. In the event that the Receiver proposes to:

   a. Sell assets;

   b. Enter into a contract that obligates the Receivership for more than Five Thousand Dollars ($5,000);

   c. Pay professional fees or expenses;

   d. Settle any litigation initiated by the Receiver; or

   e. Determine any claim against Receivership Assets,

then the Receiver will file with the Court a Motion describing the action that the Receiver proposes to take and seeking Court approval for that action (the "Motion"). The Receiver will serve a copy of the Motion on all Investors and post the Motion on the Receivership website: http://www.grierlaw.com). Unless otherwise requested in writing by an Investor, service by

email shall be sufficient. Investors shall have ten calendar days in which to file a written objection to the Motion with the Court and serve that objection on the Receiver. Investors may serve the Receiver by email at barkireceivership@grierlaw.com. If no objection is filed, the Court will issue its order ruling on the Motion. If an Investor files an objection to the Motion, the Court will rule on the Motion, with or without a hearing in the discretion of the Court.

3. Investors may be represented by counsel at depositions conducted by the Commission, the Receiver, the Defendants or Relief Defendants to this action; provided, however, that Investors' counsel may ask questions only after questioning by the named parties to this action is completed. Investors' counsel shall not be permitted to ask repetitive questions in the course of any deposition, and if repetitive questions are asked, such Investors' counsel shall not be permitted to participate in future depositions. Investor participation in depositions is specifically limited to attorneys for Investors only. Investors may submit questions or issues to the Receiver prior to the depositions by email at barkireceivership@grierlaw.com.

4. This action will be without prejudice to the ability of any Investor to pursue his individual claims upon the completion of the Commission's prosecution of its claims and the Receiver's duties in this action, including, but not limited to Manzella Plaintiffs' pending action, which was previously filed in the Superior Court of Mecklenburg County, North Carolina and bears case number 09-CVS-5546; and

5. This Order is without prejudice to the rights of the Commission, the Receiver, or any Investor to subsequently move the Court to expand or limit the Investors' ability to participate in this proceeding.

Signed: April 24, 2009

*[signature: Graham C. Mullen]*

Graham C. Mullen
United States District Judge