UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

U.S. COMMODITY FUTURES TRADING
COMMISSION,

    Plaintiff,

v.

BARKI, LLC, a North Carolina limited
liability company;
BRUCE C. KRAMER, an individual,

    Defendants, and

RHONDA A. KRAMER, an individual, and
FOREST GLEN FARM, LLC, a North
Carolina limited liability company,

    Relief Defendants.

CASE NO. 3:09-CV-106 (GCM)

## ORDER GRANTING RECEIVER'S MOTION RELATIVE TO (1) APPROVAL OF PROPOSED CLAIMS VERIFICATION PROCEDURES AND CLAIMS BAR DATE; AND (2) FOR AUTHORITY TO MAKE INTERIM DISTRIBUTIONS TO CUSTOMERS; AND RESERVING JUDGMENT AS TO RECEIVER'S PROPOSED CLAIMS DISTRIBUTION METHOD

This matter came before the Court on the *Receiver's Motion for (1) Approval of Proposed Claims Verification Procedures, Claims Bar Date, and Proposed Distribution Method; and (2) for Authority to Make Interim Distributions to Investors* (the "Motion") filed by Joseph W. Grier, III, the Court-appointed receiver ("Receiver") in this action, through counsel, on June 23, 2009. (D.E. 67). The Court, having reviewed the Motion and pleadings filed in response thereto, finds as follows:

1.     The Court finds that it has jurisdiction over this matter.

2.     The Motion drew 17 responses and objections from customers ("Customers") of

Barki, LLC ("Barki"). (D.E. 74, 76-90, 93). Each such response or objection related only to the Receiver's proposed distribution method. In order to give due consideration to the distribution method proposed in the Motion and the concerns raised in responses and objections filed by Customers, the Court reserves for a future Order its ruling as to the Receiver's proposed distribution method.

3. The remaining relief requested in the Motion, approval of the Receiver's proposed claims verification procedures, claims bar date, and request for authority to make interim distributions, did not draw any response or objection.

4. Upon review of the Motion, the Court finds and concludes that, as to the portions of the relief requested in the Motion that did not draw a response or objection, with the exception of certain provisions noted herein, the Motion should be granted.

5. The Receiver's proposed procedures outlined in the Motion (collectively, the "Claim Procedures") for verifying Customers' claims for their losses appear to provide sufficient due process to Customers who wish to pursue claims against the Receivership estate. The Claim Procedures include sending a notice to Customers relative to the claims process ("Notice") along with a proof of claim verification form ("Claim Form"); setting a proposed bar date by which Customers must submit verification of their claims ("Claims Bar Date"); and requiring that the Receiver request approval of a report of proposed allowed claim amounts ("Claims Report") from the Court.

6. With regard to the proposed Claim Form, the Court finds that it would unnecessarily burden Customers to require that those forms be notarized. Accordingly, the Receiver is directed to delete that requirement from the Claim Form.

7. The Notice and Claim Form instruct Customers to attach documentation of their

claims. The Court recognizes, however, that such documentation may already have been provided to the Commodity Futures Trading Commission or the Receiver. In other cases, Customers may not have all the necessary documentation. Accordingly, the Court directs the Receiver to amend the Notice and the Claim Form to provide for some flexibility as to the requirement of documentation.

8. The Court finds that the Receiver's proposed allowance of the principal amount invested by Customers who file claims (deposits), not to include any profits reported by Barki and, taking into account any distributions from Barki to such Customers (withdrawals) will appropriately disregard any false profits reported to Customer claimants during the life of the Barki scheme.

9. The Receiver also sought authority to make interim distributions to Customers, based on allowed claim amounts to be determined by the Court. The amount of the proposed interim distribution would be determined by the Receiver, taking into account the several claims to funds held by the Receiver and providing for a reserve for expenses necessary for the continued administration of the Receivership. The Court finds that authorizing the Receiver to make such an interim distribution to Customer claimants would reflect their best interests.

IT IS, THEREFORE, ORDERED that:

1) The Motion is GRANTED, in part, subject to the exceptions noted herein;

2) The Receiver's proposed Claim Procedures as outlined in the Motion are approved; provided, however, that Customers shall not be required to have their Claim Forms notarized, and the Receiver shall provide for some flexibility as to the requirement of documentation;

3) The Receiver is directed to set a Claims Bar Date that is not earlier than 30 days after the date of the Notice sent to Barki Customers of that deadline;

4) The Receiver is directed to make the changes provided for in this Order to the Claim Form and Notice and to provide Barki Customers with copies of each;

5) After the Claims Bar Date has run, the Receiver shall file a Claims Report seeking an Order as to the allowed amounts for Customers' deposits and withdrawals based on a review of the Claim Forms submitted by Customers and accompanying documentation, as well as other Customer account information available to the Receiver;

6) Upon approval of the Claims Report, the Receiver is authorized to make an interim distribution to Customers based on the allowed amounts of Customers' deposits and withdrawals; provided, however, that this distribution shall be based on the amount of funds on hand at the time of the distribution, less anticipated costs of administration, and after taking into account unresolved claims against funds held by the Receiver and an appropriate reserve for the future costs of administration of the Receivership; and

7) The Court shall enter a further Order relative to the Receiver's proposed distribution method after considering the Motion and Customer responses and objections and such further matters as may be brought before the Court upon any hearing ordered by the Court in connection therewith.

Dated this 5th day of August, 2009.

*Graham C. Mullen*
UNITED STATES DISTRICT COURT JUDGE