UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BARKI, LLC, a North Carolina limited liability company;<br>BRUCE C. KRAMER, an individual,<br><br>Defendants, and<br><br>RHONDA A. KRAMER, an individual, and FOREST GLEN FARM, LLC, a North Carolina limited liability company,<br><br>Relief Defendants. | CASE NO. 3:09-CV-106 (GCM) |

## ORDER GRANTING MOTION FOR APPROVAL OF OFFER TO PURCHASE AND CONTRACT AS TO REAL PROPERTY AND PERSONAL PROPERTY AND FOR AUTHORITY TO CONSUMMATE SALE OF REAL PROPERTY AND PERSONAL PROPERTY FREE AND CLEAR OF LIENS AND ENCUMBRANCES

This matter came before the Court upon *Receiver's Motion for Approval of Offer to Purchase and Contract as to Real Property and Personal Property and for Authority to Consummate Sale of Real Property and Personal Property Free and Clear of Liens and Encumbrances* (the "Motion") and *Notice* thereof filed by Joseph W. Grier, III, the Court-appointed receiver ("Receiver") in this action, through counsel, on March 5, 2010 (D.E. 151, 152).

The Receiver has given appropriate notice of and opportunity for hearing on the Motion. No interested party has filed an objection to the relief requested in the Motion. The court has reviewed the Motion and the file in this case and concludes that the relief requested in the

Motion should be granted. The court therefore makes the following as its findings and conclusions:

1. The Receiver was appointed as Receiver of the Defendants' and Relief Defendants' assets (the "Receivership Estate") by orders entered herein on March 17, 2009 and March 24, 2009 (collectively, the "Receivership Order").

2. The Receiver's investigation revealed that certain real property purchased by Bruce and Rhonda Kramer and/or Forest Glen Farms, LLC, consisting of approximately 55.828 acres located in Cabarrus County, North Carolina is property that is available to liquidate for the benefit of the Receivership Estate (the "Real Property"). The Real Property is more particularly described as follows:

| Parcel No. | Ownership | Acreage | Improvements |
| --- | --- | --- | --- |
| 5545-79-679 | Forest Glen Farms, LLC | 30.55 | 1,564 SF House, Stables/barn. Grain Bin |
| 5546-80-0370 | Bruce C. & Rhonda Kramer | 5.45 | 4,950 SF Main House |
| 5545-79-3900 | Forest Glen Farms, LLC | 8.253 | Barn/Stable |
| 5545-79-2662 | Forest Glen Farms, LLC | 4.019 | None |
| 5545-79-0399 | Forest Glen Farms, LLC | 7.556 | 680 SF House |

3. D. Hunter Edwards, Jr., Don H, Edwards and Nancy T. Edwards (collectively, "the Edwards Plaintiffs") obtained, in the action filed in the Superior Court Division of Mecklenburg County, styled *Edwards, et al. v. Barki, LLC, et al.* and being case number 09-CVS-5467, filed by them prior to the appointment of the Receiver, an order of attachment (the "Order of Attachment") as to the Real Property. To the extent the Order of Attachment is valid, the Receiver proposes that the lien resulting from the Order of Attachment transfer

to the proceeds of the sale of the Real Property pending resolution of issues between the Receiver and the Edwards Plaintiffs regarding the effectiveness of the Order of Attachment.

4. John C. Manzella, Samuel T. Cox, and Shannon F. Cox (collectively, the "Manzella Plaintiffs") filed a notice of *lis pendens* (the "Notice of Lis Pendens") in Cabarrus County, North Carolina on March 10, 2009 as to the Real Property, as a part of the action filed in the Superior Court Division of Mecklenburg County, styled *Manzella, et al. v. Kramer, et al.*, and being case number 09-CVS-5546. With the consent of the Manzella Plaintiffs, the state court hearing that action entered an order providing that the Notice of *Lis Pendens* is for the benefit of the Receivership Estate rather than just for the Manzella Plaintiffs. To the extent the Notice of *Lis Pendens* affects title to the Real Property, the Receiver proposes that any lien from the *Lis Pendens* transfer to the proceeds of the sale of the Real Property.

5. The Receiver's investigation revealed that certain personal property more particularly described as farm equipment and household contents (collectively the "Personal Property") remains available for liquidation by the Receiver for the benefit of the Receivership Estate. Detailed lists of individual items of Personal Property are attachments to the Motion.

6. The Personal Property is free of liens and encumbrances.

7. On or about July 14, 2009, the Receiver, with Court authority, entered into *Exclusive Right to Sell Listing Agreements* with Coldwell Banker United Realtors ("Coldwell Banker") and realtor Julie Breedlove ("Breedlove").

8. Breedlove, who specializes in the marketing and sale of horse farms, has actively marketed and shown the Real Property to perspective buyers since July 14, 2009.

9. This Court's *Order Granting Receiver's Motion for Authority to Enter Into Exclusive Right to Sell Listing Agreements with Julie R. Breedlove, Realtor/Broker, and Coldwell Banker United Realtors to Market and Sell Real Property* (D.E. 91) (the "Realtor Order") authorized the Receiver:

> (a) To enter into the listing agreements on behalf of the Receivership Estate with Julie Breedlove and Coldwell Banker United Realtors;
>
> (b) To conditionally accept an offer for the Real Property, subject to a ten day notice and objection period to customers and other parties requesting notice in this case and court order approving any offer;
>
> (c) To participate in a closing to transfer the Real Property after the entry of a court order allowing acceptance of an offer, including the authority to execute a Limited Warranty Deed(s) in the names of Bruce C. Kramer, Rhonda A. Kramer and/or Forest Glen Farm, LLC; and
>
> (d) To deposit proceeds of the sale of the Real Property into the designated Receivership Estate bank account as authorized by the Receivership Order.

10. Pursuant to the Realtor Order, the Receiver has conditionally accepted the *Offer To Purchase and Contract* (the "Contract") with Kim & Ernie Irvan, attached to the Motion as Exhibit A, for the sale of the Real Property and Personal Property subject to this Court's approval.

11. The Contract is for all of the Real Property along with all of the remaining Personal Property located there. The Contract price is $995,000.00. The Contract is a cash offer and is contemplated to close within thirty (30) days of court approval of the Contract.

12. The Receiver has received and is holding a $50,000.00 deposit in escrow pending a closing of the Contract.

13. Per the Listing Agreement, upon the sale of the Real Property to one buyer (as opposed to multiple buyers in separate parcels), Coldwell Banker/Breedlove's sales commission is 5.5% of the purchase price or $54,725.00. To facilitate negotiations between the Receiver and buyer Coldwell Banker/Breedlove has agreed to accept the sum of $49,725.00 in sales commission if the sale is consummated pursuant to the terms of the Contract, resulting in an effective gross sales price of $1,000,000. Breedlove has acted as both buyer and seller agent as related to the Contract.

14. Upon a closing of the Contract, other costs to the Receivership include, but may not be limited to, $505.00 for a home warranty, $1,990.00 in excise stamps, and approximately $2,500.00 in prorated real property taxes. Thus the Receivership expects to "net" approximately $940,000.00 for the Receivership Estate upon the closing of the Contract.

15. Breedlove and Coldwell Banker have actively marketed the Real Property for approximately eight months.

16. Breedlove has shown the Real Property to many interested parties, both as one 55.828-acre property as well as in separate parcels.

17. The Receiver has rejected prior offers of less than the Contract and not deemed to be reasonable in price.

18. Prior to entering into the Contract, the Receiver analyzed information related to comparable sales activity for equestrian property as well as comparable homes in the geographical area surrounding the Real Property.

19. The Receiver also considered the fact that upon the sale of the Real Property, the Receiver will no longer continue to incur the expenses of maintaining the Real Property including property upkeep and maintenance, repairs, insurance, taxes, and other on-going expenses.

20. The Contract includes farm equipment remaining at the Real Property, the appraised value of which is $20,050.00, as well as contents of the house, the liquidation value of which is estimated at less than $5,000.00. Itemized lists of the Personal Property are attached to the Contract.

21. By selling the farm equipment and household contents pursuant to the Contract, the Receiver will not incur the expenses of moving, storing, marketing and selling the Personal Property.

22. The Receiver believes the Contract price is fair and reasonable for the Real Property and Personal Property.

23. Upon the closing of the Contract, the proceeds, less the fees and expenses, shall be deposited into the designated Receiver bank account.

24. The Receiver believes and the Court finds and concludes that selling the Real Property and Personal Property as outlined herein and in the Contract is in the best interest of the customers of Barki, LLC, will allow the Receiver to make an additional substantial distribution to customers, and is necessary for the benefit of the Receivership Estate.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that:

A. The Motion is GRANTED;

B.      The Receiver's acceptance of the Contract is approved;

C.      The Receiver is authorized to carry out a closing to sell the Real Property and Personal Property to Kim and Ernie Irvan pursuant to the terms of the Contract free and clear of all liens and encumbrances without further order of the court including executing necessary documentation customary in real estate closings of this type such as deeds in the names of Forest Glen Farms, LLC and Bruce and Rhonda Kramer, lien waivers, 1099 forms and other similar documents and paying a commission of $49,725.00 to Coldwell Banker United Realtors;

D.      Upon the closing of the Real Property, the liens, if any, arising from the Order of Attachment and the Notice of Lis Pendens, will be transferred from the Real Property to the proceeds thereof; and

E.      The Receiver is authorized to deposit the net proceeds from the sale into a Barki Receivership account specifically designated for the proceeds of the sale of the Real Property.

Signed: March 17, 2010

Graham C. Mullen
United States District Judge