UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> BARKI, LLC, a North Carolina limited liability company; <br> BRUCE C. KRAMER, an individual, <br><br> Defendants, and <br><br> RHONDA A. KRAMER, an individual, and FOREST GLEN FARM, LLC, a North Carolina limited liability company, <br><br> Relief Defendants. | CASE NO. 3:09-CV-106 (GCM) |

**ORDER GRANTING RECEIVER'S MOTION FOR ORDER (1) CONFIRMING DISTRIBUTION PRIORITY SCHEME; (2) DECLARING THAT THE RECEIVERSHIP ESTATE IS HELD IN A CONSTRUCTIVE TRUST FOR THE BENEFIT OF THE BARKI CUSTOMERS; (3) DECLARING THAT, EXCEPT FOR TAXING AUTHORITY CLAIMS, A CLAIMS REVIEW PROCESS FOR ANY PRE-RECEIVERSHIP CLAIMS OF CREDITORS OF DEFENDANTS AND RELIEF DEFENDANTS IS UNNECESSARY; AND (4) SETTING A DEADLINE FOR ANY PRE-RECEIVERSHIP TAX CLAIM BY THE UNITED STATES TREASURY AND THE NORTH CAROLINA DEPARTMENT OF REVENUE**

This matter came before the Court upon Receiver's *Motion for Order (1) Confirming Distribution Priority Scheme; (2) Declaring that the Receivership Estate is Held in a Constructive Trust for the Benefit of the Barki Customers; (3) Declaring that Except for Taxing Authority Claims, a Claims Review Process for any Pre-Receivership Claims of Creditors of Defendants and Relief Defendants is Unnecessary; and (4) Setting a Deadline for any Pre-Receivership Tax Claim by the United States Treasury and the North Carolina Department of Revenue* (the "Motion") filed by Joseph W. Grier, III, the Court-appointed receiver ("Receiver") in this action, through counsel, on April 26, 2010 (D.E. 164), the *Objection to Receiver's*

*Motion for Order Declaring that the Receivership Estate is Held in a Constructive Trust for the Benefit of the Barki Customers* (D.E. 167) and the *Withdrawal of Objection to Receiver's Motion for Order Declaring that the Receivership Estate is Held in a Constructive Trust for the Benefit of the Barki Customer* (D.E. 179). The Court, having reviewed the Motion and pleadings filed in response thereto, finds and concludes that the Motion shall be granted:

IT IS, THEREFORE, ORDERED that:

(1) The distribution priority of the Receivership Estate is

  a. First, to expenses of the administration of the Receivership, including legal and accounting fees along with expenses to preserve the value of assets, including payment of any taxes due on property and/or income of property of the Receivership Estate incurred during the pendency of the Receivership ("Administrative Expenses");

  b. Second, to distributions to Barki Customers with respect to allowed claims; and

  c. Finally, in the event there are any assets over and above 100% satisfaction of Barki Customers' allowed claims, payment on any Pre-Receivership Claims;

(2) The Receivership Estate is held in a constructive trust for the benefit of the Barki Customers;

(3) The Receiver shall not complete a claims process for pre-Receivership creditors other than as set forth in paragraph (4) below;

(4) The United States Treasury and/or the North Carolina Department of Revenue (the "Taxing Authorities") must assert any claim or assessment for Pre-Receivership taxes as to the Defendants and/or Relief Defendants or be barred from any claim or assessment for such taxes on or before thirty days from the date of this Order by presenting any such claim to the Receiver; and

(5) Upon any assessment by the Taxing Authorities of pre-Receivership taxes, the Receiver will then have the opportunity to address the reasonableness of such tax assessment(s) as well as whether such taxes are collectible from the Receivership Estate.

SO ORDERED.

Signed: August 12, 2010

Graham C. Mullen
United States District Judge

3